UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES ANDREW LOHNES, | |
| Petitioner, | |
| v. | CAUSE NO. 3:21-CV-13-RLM-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

James Andrew Lohnes, a prisoner without a lawyer, filed habeas petitions under 28 U.S.C. § 2254.[1] He argues that he should be released from the Indiana State Prison due to the risks presented by the ongoing coronavirus pandemic pursuant to 18 U.S.C. § 3582(c)(1)(A). According to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." Washington v. Smith, 564 F.3d 1350, 1351 (7th Cir. 2009). "[H]abeas corpus is not a permissible route for challenging prison conditions." Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011). Mr. Lohnes's concerns about the risks presented by the ongoing pandemic at the Indiana State Prison don't relate

---

[1] More precisely, Mr. Lohnes filed a petition and a motion for leave to amend with a proposed amended petition attached. ECF 1, ECF 4. The court finds that further differentiation of these petitions is unnecessary because the reasoning of this order applies with equal force to each of them.

to the fact or duration of his sentence but instead relate to the conditions of his confinement. Further, 18 U.S.C. § 3582(c)(1)(A) only allows the court to reduce sentences imposed by a federal court, and Mr. Lohnes is serving a sentence imposed by the Lake Superior Court. Because Mr. Lohnes doesn't assert a cognizable basis for habeas relief, the court dismisses the petitions.[2]

Under Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Mr. Lohnes to proceed further.

For these reasons, the court:

(1) DISMISSES this case pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(2) DENIES James Andrew Lohnes a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

---

[2] The court acknowledges that the orders in Lohnes v. United States, 2:20-cv-117 (N.D. Ind. dismissed April 22, 2020), can be read to suggest that Mr. Lohnes's claim is properly raised in a habeas action. The first of the orders rejected an attempt to file under 28 U.S.C. § 2241 and offered the court's form for cases brought under 28 U.S.C. § 2254; the second order, with the additional information contained in the new petition, denied the § 2254 petition on abstention grounds. When viewed in sequence, the orders in that case contain no holding that a habeas action is proper.

(3) DIRECTS the clerk to close this case.

SO ORDERED on January 25, 2021

                                            s/ Robert L. Miller, Jr.
                                            JUDGE
                                            UNITED STATES DISTRICT COURT